**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

| | |
|---|---|
| **DANIEL AUSTIN WILLIAMS** | **PLAINTIFF** |
| **ADC #185876** | |
| | |
| **v.**          **Case No. 2:25-cv-00236-JM** | |
| | |
| **ERIC ARMSTRONG, Police Officer,** | |
| **Dumas Police Department** | **DEFENDANT** |

## ORDER

On February 25, 2026, the Court granted Plaintiff Daniel Williams's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 8). Williams timely filed an amended complaint, both narrowing his claims and the parties as directed.[1] (Doc. 9). On screening the Amended Complaint, the Court determined that Williams had stated a plausible excessive force claim against Officer Eric Armstrong. (Doc. 10). Before issuing summons, however, the Court asked Williams to identify in what capacity he is suing Armstrong and his requested relief. (*Id.*). Williams has timely filed his response explaining that he is suing Williams in both his official and individual capacity and is seeking damages and his release from jail. (Doc. 12).

Williams's official capacity claim against Armstrong is dismissed. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *Id*. Williams does not allege that any policy,

---

[1] "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

practice, or custom was the moving force behind the alleged violations of his rights. As a result, Williams has failed to state an official-capacity claim. Additionally, although Williams contends that he "should not be in jail," the sole remedy for a prisoner seeking release from prison is to file a federal habeas petition. *Prieser v. Rodriquez*, 411 U.S. 475, 500 (1973). Nevertheless, for screening purposes only, Williams has stated a plausible individual-capacity excessive-force claim against Armstrong. This lone claim will be served.

The Court directs the Clerk to prepare summons for Officer Daniel Austin Williams and deliver the summons along with the Amended Complaint (Doc. 9), Second Amended Complaint (Doc. 12), the Court's Screening Orders (Doc. 8, 10), and this Order to the United States Marshal for service, without requiring prepayment of fees and costs or security. Armstrong may be served through his employer, the Dumas Police Department, 149 E. Waterman, Dumas, Arkansas 71639.

It is so ordered this 7th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE

2